UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE HOUSTON HOBBS,

        Plaintiff,

  v.

                                      Case No. 22-cv-492-pp

RUSTEN SHESKY, DANIEL G. MISKINIS,
JOHN/JANE DOES, ERIC LARSEN,
CITY OF KENOSHA, and KENOSHA POLICE DEPARTMENT,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER (DKT. NO. 6)

On May 26, 2022, the court denied the plaintiff's motion to file electronically and to use certain electronic devices in the courtroom. Dkt. No. 5. The court found that the plaintiff had not presented extraordinary circumstances requiring permission to e-file and that this district has no rule permitting the use of unofficial recording devices because it uses court reporters and electronic recording (with audio recordings of hearings made available to the public on the docket). Id. at 2-4. The plaintiff has filed a motion to amend or correct the court's order under Fed. R. Civ. P. 59(e) or 60(b). Dkt. No. 6. In the alternative, he asks the court to treat his motion as a Rule 5 request for permission to appeal. Id. at 4.

As the court explained in its May 26, 2022 order, the court presides over many cases filed by self-represented plaintiffs who do not encounter mail-

1

related filing delays. Dkt. No. 5 at 3. Even if a self-represented plaintiff runs into a problem caused by a mail delay, the court has the discretion to extend deadlines to accommodate that plaintiff—it would not be the plaintiff's fault if the U.S. mail caused the delay. The court has no reason to modify its order and the rules the plaintiff cited do not support his arguments.

**I.      Motion to Alter or Amend Judgment Under Rule 59(e)**

Rule 59(e) states that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of the judgment. The order the court issued on May 26, 2022 was not a judgment. Technically, then, Rule 59(e) does not apply.

Even if it did, the plaintiff has not stated a basis for the court to alter or amend the order under the Rule 59(e) standard. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A manifest error is not demonstrated by the disappointment of the losing party, but rather is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir.

2

2004) (quoting <u>Caisse Nationale de Credit Agricole v. CBI Indus.</u>, Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). Rule (59)(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment."

The court received the plaintiff's motion within twenty-eight days of its order, so if Rule 59(e) did apply, the motion would be timely filed. In the motion, the plaintiff asserts that other federal courts—particularly the Western District of Texas—have granted his requests to e-file and to use his own electronic devices in the courtroom. Dkt. No. 6 at 3, 8. He repeats his argument that untimely mail delivery would unfairly prejudice his case; he says such prejudice already has occurred, arguing that "[s]aid concern was immediately manifested pursuant to the Courts mailing of its Orders, on or about May 26th, 2022, as the causal effect that, any order made by this Court can expire pursuant to its own terms, before legal notice is fully executed." <u>Id.</u> at 5. The plaintiff says that he could not research, prepare and present a reply pleading within three days, "as the majority of time to respond, pursuant to the legal authority cited herein, had elapsed." <u>Id.</u>

The plaintiff has not identified any newly discovered evidence or manifest error of law or fact. The plaintiff alleges that he already has been prejudiced by having to file by mail, because he was denied the ability to file a reply pleading in three days. He does not explain what rule would have required him to file a reply pleading in three days, or what he would have been replying to. No reply pleading was required because, at the time the court issued its order, the

3

defendants had not yet answered or otherwise responded to the complaint. The court received the plaintiff's motion to reconsider in a timely fashion.

The plaintiff states that the court should amend its order because of "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence which by due diligence could not have been discovered in time or move for a new trial under Rule 59(b)." Id. at 9. The "mistake, inadvertence, surprise, or excusable neglect" standard is not the Rule 59(e) standard; it is Rule 60(b) that allows a court to change or correct an order based on mistake, inadvertence, surprise, or excusable neglect. And the "mistake, inadvertence, surprise, or excusable neglect" the plaintiff mentions is his assumption that the court was unaware that the Western District of Texas had granted a similar motion, and his argument that the doctrine of *stare decisis* requires this court to follow the Texas court's rulings. Id. The plaintiff misapprehends the *stare decisis* doctrine.

It is true that *stare decisis* requires a court to decide a case "in accordance with what has been decided previously in other, similar cases (similar in the sense of not being legally distinguishable) . . . ." Colby v. J.C. Penney Co., Inc., 811 F.2d 1119, 1122-23 (7th Cir. 1987). But there is more to it than that. "The distinction essential to understanding the doctrine is between the persuasiveness and the authority of a previous decision." Id. at 1123. "Any decision may have persuasive force . . . ." Id. But that decision also must be "authoritative" for *stare decisis* to require that another court follow it.

4

> Whether a decision is authoritative depends on a variety of factors, of which the most important is the relationship between the court that decided it and the court to which it is cited later as precedent. The simplest relationship is hierarchical: the decisions of a superior court in a unitary system bind the inferior courts.

Id.

While this court respects its sister court in the Western District of Texas and while its reasoning likely is persuasive, that court's decisions are not "authoritative" as to this court. The federal court system is a unitary, hierarchical system: district courts (trial courts) at the lowest tier of the hierarchy, circuit courts (like the Seventh Circuit Court of Appeals) on the middle tier and the United States Supreme Court at the top. Decisions from the Seventh Circuit Court of Appeals and the United States Supreme Court are "authoritative" as to this court. But decisions of other district courts, however persuasive, are not. This court's decision not to follow a ruling by the Western District of Texas is not a manifest error of law or fact.

The court will deny the plaintiff's motion to alter or amend judgment under Rule 59(e).

## II. Motion for Relief from Judgment Under Rule 60(b)

The Seventh Circuit has explained that parties seeking relief under Rule 60(b) face a high bar:

> Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely erroneous applications of law." *Eskridge* [*v. Cook County*], 577 F.3d [806,] at 809 [(7th Cir. 2009)] (affirming denial of Rule 60(b) motion), quoting *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (quotation marks omitted). The district court may grant Rule 60(b) relief only "under the particular circumstances listed in the text of the rule." See *Russell*, 51 F.3d at 749. Rule 60(b)

5

motions are not meant to correct legal errors made by the district
court. See *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d
1014, 1017-18 (7th Cir. 2002).

3SM Realty & Development, Inc. v. F.D.I.C., 393 F. Appx. 381, 384 (7th Cir. 2010). Rule 60(b) allows a court to grant relief from judgment for six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

The plaintiff indicates that he is pursuing relief from the court's decision based on Rules 60(b)(1), (2), (4) and (6). Dkt. No. 6 at 6. He states that the court's decision was based on manifest error of law or fact. Id. at 9. But he does not explain how the court's decision was based on a manifest error of fact or law, and the "manifest error" standard is the Rule 59(e) standard, not the Rule 60(b) standard. The plaintiff argues that the court had no "legal justification" to support its order, but the court's order cites to the Eastern District of Wisconsin's General Local Rules. Dkt. No. 5 at 3.

The plaintiff reiterates that he was prejudiced because he could not file a reply pleading within ten days. The court is unaware of any rule requiring a party to file a "reply" to a court order, or any rule requiring replies to be filed in ten days.

6

The plaintiff argues that people who are representing themselves are entitled to meaningful access to the courts. Dkt. No. 6 at 10. He is correct, but he points to no authority holding that "meaningful access" must be electronic. The court is not prohibiting the plaintiff from accessing the court and he has demonstrated that he is fully capable of doing so. Two years ago, the district court for the Western District of New York declined to exercise its discretion to allow a self-represented plaintiff who indicated that he was temporarily living in Nigeria to file electronically, even though that plaintiff argued that the international postal system was slow and unreliable. Akande v. Philips, 386 F. Supp. 3d 281, 296 (W.D.N.Y. 2019). That decision is not authoritative and this court is not bound by it; the court cites the decision only to show that courts other than this one decline to allow self-represented plaintiffs to file electronically.

The plaintiff speculates that the court may be unaware of how expensive it is to mail documents and reminds the court of his "indigency status." Dkt. No. 6 at 12-13. The court is aware of mailing costs; it uses the mail. But while the court has the discretion to waive a filing fee for someone who qualifies, it is not required to defer all costs of litigation. And the plaintiff's indigent status has not prevented him from filing three lawsuits in this district and filing multiple documents in each.

The plaintiff has not demonstrated any of the reasons enumerated for the court to grant the extraordinary relief allowed by Rule 60(b) apply. The court will deny the motion.

### III.   Federal Rule of Appellate Procedure 5

The plaintiff asks that if the court does not grant his requests, it consider his motion a request to appeal the court's decision, citing Fed. R. App. P. 5. Dkt. No. 6 at 4. The plaintiff is asking the court to allow him to file an interlocutory appeal under 28 U.S.C. § 1292 (interlocutory because it is not a final order resolving the case). Section 1292(b) allows district court judges to issue written orders "certifying" an order to the court of appeals, if that judge "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). Fed. R. App. P. 5 lays out the procedure for seeking an interlocutory appeal.

The plaintiff has not followed the procedure laid out in Rule 5, but even if he had, the court would not certify an interlocutory appeal from this procedural order. It does not involve a controlling question of law to which there is substantial ground for difference of opinion and an immediate appeal would not materially advance the ultimate termination of the litigation.

### IV.   "Electronic Devices"

In his motion to reconsider, the plaintiff says that he wants to "use his computer resources in the courtroom." Dkt. No. 6 at 2. He says he wants leave to "use his electronic devices in the courtroom in all things." Id. at 4. He asserts that the Texas court allowed him to use "his computer resources in the District Courts of the United States, during trial activities . . . ." Id. at 8. He

8

asks the court to order "the US Marshals Service to allow the Plaintiff, to bring any electronic device, as allowed by any licensed attorney, presenting any pleading before any bar of the E.D. Wis., specifically inclusive of his computer and certain peripheral devices, needed to access his pleadings research, exhibits and other material stored as, electronic stored information (ESI), required to present and record his arguments before this bar, and any jury seated therein." Id. at 13.

In his original motion, the plaintiff presented the court with a local rule from a court in Georgia that allowed attorneys to use their own devices to record courtroom proceedings. Dkt. No. 5 at 3. The court advised the plaintiff that it has no such rule and that it did not allow anyone—lawyers, parties or anyone else—to make unofficial audio recordings of proceedings. Id. at 4. That remains the case.

The court has the authority to consider whether to allow a party—including the plaintiff—to use a laptop for the purposes of looking at documents or presenting evidence. If this case reaches a point where there are proceedings in the courtroom, the plaintiff may ask the court for leave to use a laptop or other device and may explain why he needs it. There is no need for the court to make that determination at this stage.

## V. Conclusion

The court **DENIES** the plaintiff's motion to alter or amend order dated 05/26/22 pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 19th day of August, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**